OPINION of the Court, by
Ch, J. Edwahds.
— The declaration in this case contains two counts, one for a malicious prosecution, the other for the publication of a libel. In April 1805, a writ of enquiry was awarded, in which situation the cause stood as to the pleadings, till June term 1807, when the defendant in the circuit court offered a special plea of probable cause, &c. and moved thereon to set aside the writ of enquiry, which motion was overruled by the court, upon the ground that the court had a discretion to refuse to admit such a plea in that stage of the cause ; and that discretion ought to be exercised to its rejection, because the matter thereof, if it contained a sufficient defence, could be given in evidence on the general issue.
By this decision injustice could not have been done the defendant in that court, and he ought not to have been indulged in taking advantage of his own laches, in not having before plead, by permitting him to embarrass the case, or delay the trial by pleading a special plea, the full advantage of which he could have had on the general issue ¿ and this opinion perfectly accords *370 with the decision in 1 Cranch 110, upon a case directly in point, and it is in conformity with the principles that are clearly inferable from the case in 1 Wash. 28.
The attorney monwe'ith”11" who fet down the name ofihe profecutor, n not the only ad miihbie witnefs to prove who
not a right to demand the o-court"upon lan abfcact propo-
. . ^witneff's is to be decided by the jury; wherethe^evi’ denes was con. tradictory, the ftruct the jury that there was probable caufe,
If one party proffers a paper to be read to ¡s* accordinHy done, he can. not afterwards becaufe'k'was fo read.
When a party evtdenc "3U!and when the ad. verfaiy (hall be «impelled to ,er,
It is therefore wholly unnecessary t® consider the P^ea °fferec*t0 second count, because, before the writ of enquiry should have been set aside, each count in the declaration should have been properly answered. This vjew Df the subject furnishes an answer to the three . J first assignments of error.
The 4th is, that the court erred in permitting one of Sranc^ jury5 who was of the inquest on the indictment in the declaration mentioned, to be sworn, and to g¡ve evidence as to what passed in the grand jury room and arnon8st the grand jurors, on making said inquest,
It appears that the circuit court admitted a grand juror, as a competent witness, to prove that White, the appellant, carried the indictment before mentioned to the grand jury, and also to prove what had passed between the said White and the grand jury. As the law, imPos‘n5 an oath of secrecy on grand jurors, has been long since repealed, we are unable to discern the slightest reason to justify the rejection of such testimony, or any on which it could be considered incompetent, The 5th assignment is the same in substance as the fourth.
assj~nment js that the court erred in their . . „ p . . ’ . , permission of the evidence in tne 5th bill of exceptions mentioned, to go to the jury, to prove the defendant be-i°V/"to have been the prosecutor, the same not being the best evidence the nature of the case admitted, and being incompetent.
appears that the bill of exceptions alluded to by this assignment, contains all the testimony introduced jjy Fox, to prove White to have been the prosecutor, ^c° which it seems very satisfactorily to do. To its competency, there seems to be no other objection, besides that which has already been noticed, except that jyjan¡n Hardin, Esq. the attorney for the common-ivealth, who prosecuted, as appeared by his signature to the aforesaid indictment, was not produced to prove that the name of White was set down at the foot of the indictmentby his direction or consent; and because there was no person or writing produced, to prove the same was done by the consent or direction of said White. *371 This objection does not appear to be well founded : Martin Hardin, Esq. considered as an individual, was no better than any other witness ; considered as an officer, doing business in court and acting under its authority and inspection, his proceedings becorné matter of record, and as such, have as much credit attached to them as those acts done immediately by the clerk or the court itself.
The circuit court was therefore correct in permitting the testimony to go to the jury.
The 7th assignment is, that the court erred in refusing the instructions to the jury asked for, as mentioned in the 6th bill of exceptions.
The bill of exceptions alluded to by this assignment, states, that after the evidence on both sides was gone through, White moved the court to instruct the jury, that upon the evidence offered, he had made out probable cause for the prosecution mentioned in the first count in the declaration ; but the court refused to decide on the fact, whether the evidence proved probable cause or not, being of opinion that it was not proper for them, but the jury, to decide upon it ; at the same time, the court declared its readiness to instruct the jury, that if they should be of opinion, from the evidence produced on the part of the defendant, that without collusion, he had reason to believe the plaintiff was guilty of the crime contained in the indictment, that the law was with the defendant, and that it mattered not whether the plaintiff was guilty or innocent, provided the defendant had reasonable probable cause to believe he was guilty.
Repeated decisions of this court have established the principle, that no party has a right to call upon the court lor a decision upon a mere abstract proposition, and that he who complains of an error, shall exhibit such a case as will shew its practical operation to his injury. White then, to avail himself of this error, (if it be one) should have set forth in his bill of exceptions, the testimony on which he prayed the instruction from the court, that this court might judge, from the case itsaif, whether such instructions should have been given. Suppose the case had been stated, this court might hav& been of opinion that the matter alleged as probable cause, and supported by the testimony, would not in itself *372 amount to a justification ; that the circumstances thus set up, were not such from which the law would infer guilt ; that they consisted in mere hearsays, &c. . Now, though the principle for which the assignment contends be admitted as correct, that the court should decide probable cause or not; yet in the case stated, it would appear that the court had given no opinion, or refused none to the injury of the complaining party ; because if the court had given an opinion at all, it ought to have been against him, and not for him. In such a case, this court would not reverse the judgment on his application : and this shews the necessity of stating the case in such a manner as to shew whether the error he alleges, has had any practical operation to his injury..
But independent of these objections to this assignment, it appears to us that the circuit court decided correctly. Wherever the facts to be established depend on the credibility of the witnesses, it is the peculiar province of the jury, and not the court, to decide them ; all that the court is bound to do, is to declare the law that arises out of such facts, which the circuit court offered to do; Surther than this, it ought not to have gone, and therefore its decision is correct.
The 8th and 9th assignments may be considered together ; they both relate to the 7th bill of exceptions, which contains in substance this, statement, viz. Fox, in support of the second count in the declaration, was about to read a paper, which he contended was a copy of the paper set forth in the second count, which had been filed among the papers, and which a witness proved he had taken from, and compared with the original, shewn to him by White. On which, the counsel for White observed, “ here is the original, if you choose it.” Upon which, the counsel for Fox, took the paper and read it to the jury in support of the second count, without any objection being made thereto, till the evidence on both sides was gone through. It was then objected to by the counsel for White, as being variant from that which was set forth in the declaration ; the counsel for Fox, then read the paper which he was about to read at first, and between which and the declaration, there was no variance; this was also objected to, and the court being divided in opinion, the testimony was permitted to go to the jury; which is the error complained oh
*373 Thus it appears that when Fox’s counsel was. about, to read a paper which he might legally read to the jury, he was interrupted by the counsel for White with the offer of the original, who, knowing its contents, permitted it to be read without objection; after all the testimony is gone through, he moves to reject it, because it ought not to have been read, although the reading of it was at his own suggestion ; and when the counsel for Fox is willing to surrender it, he is not willing to receive it, and place things as they before stood. Thus binding hjs adversary by that which must be considered his consent, and refusing himself to be bound by it. His consent was expressed; if it had not been so, kn owing the contents of the paper, and not objecting to it, it would be implied ; if he had a right to withdraw that consent, it should not be allowed to the injury of his adversary under such circumstances ; which considerations render it unnecessary to decide whether so unimportant a variance as that which is alleged, should be fatal in a civil case.
The 10th assignment is, that the court erred in not permitting the defendant below to have the whole evidence taken down, and to demur thereto, and in giving the opinion in the eighth bill of exceptions mentioned.
This bill of exception states, that after the whole of the testimony was gone through, White’s counsel moved the court for leave to demur thereto, which motion was overruled by the court, because at an early stage of the trial the same counsel had moved the court to reject the whole of Fox’s testimony, as incompetent to prove the issue on the part of the plaintiff, and the court had given an opinion thereon which had been excepted to, and because the evidence was contradictory.
If the court had expressed an opinion on the subject brought before them in the course of the trial in one shape, it is certain that the same question ought not to have been brought before them again in any other shape ; and if it were so done, they were not bound to decide it; but whether this was done in the present case, will be rendered unnecessary to be enquired into, by the consideration that White has not shewn himself entitled to the benefit of the motion which he made. Unless it be assumed as an incontestible principle, that either party, in all and every ease, has a right to demur to the evi *374 dence, the testimony in this case ought to have beea exhibited in the bill of exceptions, that this court might have had an opportunity of judging whether the demurrer ought to have been allowed or not: that there are some cases in which a demurrer to evidence ought not to be allowed, is admitted by all the books that were either produced at the bar, or that have been examined by the court; therefore it ought to be, but is not shewn that the court erred to the injury of the complaining party. However, as far as the case is exhibited by the record, it very satisfactorily appears that the decision of the court was correct. If the testimony was contradictory, if the fact was doubtful, the cause could not be withdrawn from the jury and transferred to the court, unless the party making such application, had distinctly admitted on the record, every fact which the testimony was calculated to establish.
The books agree in this, that if a matter of record or other matter in writing were offered in evidence to maintain an issue joined between the parties, the adverse party might insist on the jury being discharged from giving a verdict, by demurring to the evidence, and compelling the party offering the evidence to join in demurrer ; the books also agree, that if parol evidence were offered, and the adverse party demurred, he who offered the evidence might join in demurrer if he would.
The reason assigned why the party offering written evidence shall be obliged to join in demurrer is, that there could not be any variance of matter in writing. So where parol evidence is certain, and no more admits of variance than matter in writing, the party offering it will be compelled to join in demurrer ; but not so where the evidence is loose, indeterminate and circumstantial: least of all would it be right to compel him to join, where the evidence of circumstances was meant to operate beyond the proof of the existence of those circumstances, and to conduce to the proof of the existence of other facts.
But if the party who demurred would admit the fact, the evidence of which fact was loose and indeterminate, or, in the case of circumstantial evidence, if he would admit the existence of the fact, which the circumstances offered in evidence conduced to prove, the* *375 there would be no more variance in this parol evidence than in matter in writing, and the reasons for compelling the party who offered the evidence to join in demurrer in the one case, would then apply to the other; and with this explanation, the doctrine of demurrers to evidence will be uniform and consistent, In this case, the facts, about which there was a contrariety of proof, should have been distinctly admitted on the record before the party wishing to demur should have been indulged in doing so ; this he has not done ; but, in fact, the record exhibits that he had most zealously contested the facts which the evidence did establish: wherefore, the decision of the court was correct, and we owe it to ourselves to declare that we have maturely considered this branch of the subject, and that we are persuaded that ours is in conformity with decisions of the highest judicial tribunals of England, where the doctrine of demurrers to evidence had its origin.
Judgment affirmed.