Chief Justice Robertson
delivered the opinion of the court.
A verdict and judgment having beenrendéredín favor of the defendantin error, in an action of detinue brought against him by tbe plaintiff, for a slave, Isáac, this writ of error is prosecuted to reverse thejudgmenl.
The plaintiff proved facts, conducing in some degree to prove a gift of the mother of Isaac, by Peter Depp in Virginia, to the wife of the plaintiff, about thirty-three years ago, when she was a child.
The defendant proved facts, conducing to show that the gift was to Mrs. Johnson, the daughter of the donor and mother of the plaintiff’s wife; and also proved that the slave thus given, remained in the possession of' Johnson, the father of the plaintiff’s wife, from the time of the gift, until his death, which occurred only, a short time before the institution of this suit; that Johnson exercised the proprietorship over the slave and her issue; and that the defendant holds Isaac by-purchase, under the claim of Johnson, or of Mrs. Johnson,
■ The circuit court instructed the jury,
1st; That if they believed that Johnson was in the adverse possession of the slave five years after the *215 plaintiff’s marriage, and did no t hold in right of the plaintiff’s wife, they should find for the defendant.
If wife’s right to a slave was such as the law vested in the husband on marriage, five years adverse possession of the slave by another after the marriage, bars the husr band’s right of recovery.
If a person accept a legacy under a will, he waives hisl claim to all other property disposed of -by the- will.
A person cannot hold under a will and against it.
- Acceptance of a deviso under a vrillj is, by operation and intendmen t of taw, an abandonmout of perty devised by the Will,
*215 2d, That the plaintiff1 should not recover, if he had received any portion of the estate devised to him by Mrs. Johnson, under whose will the defendant holds the slave in contest.
The circuit court also permitted a son and a daughter of Johnson, to give testimony for the defendant, notwithstanding the objection of the plaintiff; and overruled a motion for a new trial.
The assignment of errors questions'all the foregoing, opinions of the circuit court.
We are of opinion that therec”is no error in the record.
1st. The instructions were proper. If the right of the wife was such as the law vested in the husband on -marriage, five years adverse possession after the marriage barred his cause of action. If the wife’s., right was in action merely, then the husband could not, alone, maintain the suit. Therefore, there can be no valid objection to the first instruction.
It seems from the tenor of the second instruction, and from other instructions in the record, that Mrs. Johnson, who survived her husband, made a will, whereby she devised the slave in contest, and other property, and that the plaintiff, asoné of the devisees, took the property devised to him. The will is not in this record. If, therefore, we must disregard it, the instruction wasabstract, and consequently, inoffensive, as it was hypothetical. But if the will was before the jury, or the facts on which the instruction was based admitted, we perceive no error in the opinion of the circuit court, as expressed in that instruction. If the plaintiff accepted the legacy in the will, he must be considered as having waived his claim to the slave, devised to another person. He cannot hold under the will and against it. His acceptance of the devise was by operation and intendment of law, as well as by presumption in fact, without any evidence of any other intention, an abandonment of his claim to Isaac; and consequently, he is concluded at law, as well as in equity.
irrelevant* ev idencels noV” ground of reversal when it pears unposdMe that the party opposed to its admission nave boon prejudiced thereby.
Monroe, for plaintiff; Richardson, for defendant.
2d. We will not, in the absence of proof, prca arre that the witnesses objected to, were incompetent. It not appear that they had any interest in-the event of this suit. The fact that they are children of John_g0n or of Mrs. Johnson, does not necessarily or prima P10ve allJ such interest. If the slave was devised specifically to any other person than themselves, they were not interested. _ If there was no will, they may not be interested. No fact appears, from which a disqualifying interest can bo necesssarily inferred. It was the duty of the plaintiff to prove, their interest or fact from whichitwould result; ashefailed todoso,some the circuit court did not err in admitting the testimony.
3d. The circuit court committed no error which entitled the plaintiff to a new trial; and the evidence not only justified the verdict, but decidedly preponderated against the alleged right of the plaintiff. Therefore, the circuit court did not err in overruling the motion, for a new trial.
We do not perceive any purpose of utility, which could have been effected by the reading of Peter Depp’s will to the jury. But the reading of it could not possibly have had any more effect prejudicial to the plaintiff, than the exhibition of a blank piece of paper would have had.
The will says nothing about the slave in contest, or about 'her mother. If it could tend to prove any thing, it could be only, that Depp was not the owner of Isaac or his mother at the date of the will; but it would, in no degree, tend to prove to whom he had given the mother of Isaac.
^ could have any effect, it would he faro© able to the plaintiff, by showing that the title was not in Depp. If Depp owned the slave, the plaintiff could noj-rccover< By proving that Depp had parted with his right, the plaintiff’s chance of recovery was* in some degree, increased.
But if the will was entirely irrelevant, wc will uof. reverse the judgment, merely because it was admitted. when we see plainly, that it was not possible that the right of the plaintiff'could have been prejudiced by it.
Judgment affirmed.

*217
t'hc counsel for Smart, presented the fillozoing petition for a re-hearing.

It is due to my -client, and perhaps to the court, that I present the authorities relied on in general terms, in support of the propositions, that the admission -of irrelevant evidence, and that the giving of instructions predicated on facts the evidence did not conduce to prove, when the decisions are excepted to on the trial, is error; and that the probability of the effect of such evidence or instructions is not a proper subject of inquiry.
As to the evidence improperly admitted 5 see the eases of Craddock vs. Craddock, III Litt. 78-9, Turner vs. Turner, I Mon. 244, Woods vs. Kenneday, V Mon. 178, Clay vs. Brooks, III Marshall.
These cases establish the difference in the effect between exceptions taken on the trial, and objections to the decisions of the court assigned as grounds -for a »ew trial.
Evidence is what conduces to prove some fact in controversy in the issue, and nothing else can be-legally admitted by the court, to go to the jury. When tire c-ourt admits other matter, and exceptions are taken ■at the time an error is fixed on the trial; because, the rule of law is violated, and no motion for a new trial is necessary, and whether made or not, is immaterial.
It is true, if the exception Is not taken on the trial -or afetrwards, as upon the trial, but the party after-wards moves for a new trial, and complains in this form and in this form only, he then presents the whole case, -law and facts to the court, and the general enquiry is. whether justice has been done; and the matter is presented to the sound legal descretion of the judge, and not whether some one error has been committed or not.
These observations apply with equál force to the errors committed, by. giving instructions to the jury. The very act of the court, In placing the -case on a fact the evidence does not prove, is error, and calculated to mislead'the jury. And whether they were justified in finding, on other grounds, cannot be inquired into, except when the party -complains by his motion for a new trial.
*218 Oil the question of instruction; see the case of White vs. Fox, 1 Bibb, 371; Gallaspie vs. Gallaspie, II Bibb, 293; Thomas vs. Tanner, VI Mon. 60; Greathouse vs. Brown, V Monroe, 281-2; Castleman vs. Combs, VII Mon. Brubaker vs. Poage, I Mon. 126; Cannon vs. Asberry, 1 Marshall, 80; and the other cases.
On both the points, our reports are full, and the matter found under the heads of Evidence, Instructions, Eiror and Bills of Exceptions.
A re-hearing is respectfully moved.
The court, upon consideration, overruled the petition for a re-hearing.