Judge Marshall
delivered the Opinion of the Court.
This was an action of assumpsit, brought in 1833, by Ditto and Lansdale, against the administrators of Henry Ditto, deceased, for goods, wares and merchandise sold to the intestate. The defendants pleaded the general issue, and had leave to give in evidence any matter which could have been specially pleaded.
It appears, that they relied upon the fact, that the action was founded upon a merchant’s account^and that it was not commenced within twelve months. The plaintiffs relied upon proof of an acknowledgment of the account or debt, sufficient to take the case out of the statute of limitations. Whether this question was precisely in issue under the plea and leave, need not be enquired, as both parties seem to have concurred in resting the case upon that question.
On the trial, the plaintiffs produced their account of goods sold in 1827, and proved by one witness, that, upon its being presented to Henry Ditto, the intestate, within five years before the suit was commenced, he acknowledged its justice, with the exception of one charge, which was then or afterwards credited and subtracted from the amount, and which was designated in the evidence. They, also proved, by another witness, that, at a subsequent period, in speaking of the plaintiff’s account, which was not present, nor its amount particularly stated, but which was spoken of as having been presented, he had made substantially the same admission, and said he calculated on paying the plaintiffs with a horse, or a note on an individual then named. And it was admitted that the plaintiffs were partners.
Demurrer to the evidence &c.and questions for decision.
a party has a t0 demur to the evidence (written or verversL^&Thereby withdraw the j^10^01refer it to the Court, if”the evidence ry might draw an™circímstances: otherwise ty° rannot* Pbe B„t! Where the evidenoo is notcontmdictory.or re™aTVut'lis plain and direct, it is sufficient to state to be demurred to, is loose and circumstantial,he who demurs to it must admit every fact proved, and every inference which a jucompelled to join in the demurrer. the evidence itself, omitting matters of inference; as the Court will then draw all just inferences in favor of the party offering the evidence.
The defendants demurred to the evidence—setting out the statements of the witnesses, the account referred to, and the admission of the partnership, and say upon the evidence and facts aforesaid, and the reasonable inferences deducible therefrom, the law is for them, &c.
The plaintiffs were compelled to join in the demurrer, to which they excepted.
The jury found a conditional verdict, dependent on 'the opinion of the Court on the demurrer; and the Court, upon the demurrer, gave judgment for the defendants. To reverse which, the plaintiffs prosecute a writ of error', and say that the Court erred: first—in compelling •them to join in the demurrer; and, second—that on the proof, the judgment should have been for them. The ■questions presented by these two assignments of error, will be noticed in order.
First. It was said by this Court, in the case of White v. Fox, 1 Bibb, 374, that “if the testimony was contra- , . J dictory, if the fact was doubtful, the cause could not •be withdrawn from the jury, and transferred to the Court, unless the party making the application, had distinctly admitted on the record, ever)' fact which the testimony was calculated to establish” and it has been especially laid down, that when the evidence is verbal, and is loose, indeterminate and circumstantial, or where the circumstances proved were meant to conduce to the proof of other facts, it would not be right to compel the party offering such'evidence, to join in the demurrer; unless every fact and conclusion which the evidence demurred to conduced to prove wore admitted on the record. (Same case, and Chapize v. Bane, 1 Bibb, 613.) -But “if the parol evidence is certain, and no more admits of variance than matter of writing, the party offering it will be compelled to join in demurrer.” (White v. Fox, supra.) And so in the case of Burton v. Brashear, (3 Marshall. 277,) where the objection to the demurrer was. , ’ •that the evidence was verbal, the Court say, that, although verbal, “it was not contradictory or doubtful, *504 so that the facts which it proved, or conduced to provd$ could be easily discovered.”
Any direct promíñe to pay a deSaw wiu'imply1^ promise wherever the party ought to promise,) any admission that the demand is then (supporteddeby the original con-take the case'out of the statute of that "the^áction will not be barred until 5 years after the last promise or admission was made.
*504 The inference plainly to be deduced from these and other cases, and, as we think, the true rule applicable to 7 . 7 7 11 the subject, is, that where the parol evidence is loose, and merely circumstantial, the party demurring must state and admit all rational inferences favorable to the other party, which a jury could properly draw, or the party offering the evidence will not be compelled to join in the demurrer. But if the bearing of the evidence upon the points in issue, be not remote and inferential, but direct and obvious, it is sufficient to state the evidence itself, and admit, without stating, the inferences properly deducible from it. It being understood that, in such case, the Court may infer in favor of the party offering the evidence, every fact which a jury could infer.
In this case, the evidence is neither contradictory nor doubtful, and if it can be considered as circumstantial, in any proper sense of that term, the facts which it conduces to prove are obvious. We think, therefore, the defendant’s had a right, in this case, to remove the cause from the jury to the Court, by demurring to the evidence, and that the statement of the evidence, with the general admission of all reasonable inferences was enough. It follows that in our opinion the Court did not err in compelling the plaintiffs to join in the demurrer.
But we are of opinion, that the Court erred in ren¿ering a judgment for the defendants, upon the evidence submitted by the demurrer. The direct proof by one witness, that the defendants’ intestate acknowledged the . . ..... justice of the account, when presented to him is equiva* ]ellt an acknowledgment that the debt was due at 0 the time, and leaves room for no other inference but that the party intended to pay it. Moreover, there is no room to doubt, upon the evidence, that the account spoken of by the second witness, is the same as that referred to by the first; and the intention to pay is expressly proved by the second witness. And upon this view of the evidence, there was enough to take the case n , r ,. . out of the statute ot limitations.
A merchant’s a'c-count.fol- “store goods” is barred in 12 months; but the action may be maintained, it seems; upon any new promise to pay it (coupled with the original consideration ) at any time within five years after the last promise.
An admission that an account is right has been held not to be enough to take it out of the statute—as it may be right, though it lias been paid; but an admission that it is jusl, is enough, for it cannot be y«sf, if it has been paid.
cept asto the one The pit’fs prow, e'd 'that the debt- or had, within 5 years, admitted the justice of a store account, except one item, and by another, that he said ha calculated upon paying the plaintiffs with a horse or note: held, that from either of these admissions, a new promise to pay the account (ex- , item) ought to he implied; oil which the action, commenced within five years after, could be sustained.
An opinion expressed by a debtor, that somethings in an account admitted by him, were charged too high, can have no effect on the admission, considered with reference to the limitation; nor would it justify any reduction of the amount.
It has been laid down as a rule, that an express acknowledgment of the debt, as a debt due at 'that time, (coupled with the original consideration,) or an express promise to pay it, is sufficient. Bell v. Rowland’s Administrators, Hardin 303. To have bound the party making the plea of 'the statute, “he ought (say the Court, in the case just cited,) either to have made a promise to pay, or such an acknowledgment of the debt, from Which the law could imply a promise.” And “the law implies a promise where the party ought to promise.” The reasonable deduction from the case isi, that if, from the express acknowledgment, it appear clearly that the party ought to pay, the law will imply a promise to pay, and the case will be taken out of the statute by such acknowledgment and promise within five years.
The admission that an account “is right,” has-, by a very strict construction, been decided not to be such ah 'acknowledgment of a present debt, ‘as that the law Will imply a promise to pay it, on the ground that the account might be right., and yet it might have been paid. But the acknowledgment, that an account presented, and showing no credits, is just, or that it is jusl except a designated item, cannot be fairly subjected to the same criticism, It is not just if it has been paid. And such an acknowledgment is neither more nor less than an express acknowledgment that the account, as far as it is acknowledged to be just, is due, and that it ought to be paid-. The law, from such an acknowledgment, made by a party cognizant of the facts, implies a promise which is sufficient to sustain the action. But if, as the Court has a right, on the demurrer, to infer, the account referred to by the intestate, in his conversation with the second witness, were the same as that spoken of by the first, the intention and the duty to pay it are expressly proved, and the statute does not apply.
It is true, the intestate then said, he thought the plain *506 tiffs had charged him a little too high for some groceries; that he had been getting a good many, and he thought they ought to have let him have them something lower, But we do not consider this as any itnpeachmentof the justice of the account; or as containing any intimation that he would not, or that he ought not to pay it. It is a mere ground of appeal to the favor of the plaintiffs, and does not detract from the effect of his acknowledgment, that the account was just; or of his avowal, that he intended or wished to pay it. At the very utmost, he could have asked on this ground, a very minute credit upon an account of but little over sixty dollars; and a jury would not ha.ve been justified in making any deduction from the account on this ground, if the case had been submitted to them, either on the general issue, or on the plea of the statute of limitations.
With this view of the evidence, which the Court had ii right and was bound to take, we have no hesitation in coming to the conclusion, that judgment should have been rendered for the plaintiffs, upon the demurrer, for Sixty-two dollars, thirty-six and a quarter cents—the Sum appearing due on the account, and which the jury find in damages, for the plaintiffs, in case the opinion of the Court upon the demurrer, should be for them.
Wherefore, the judgment is reversed, and the cause femanded, with instructions to render a judgment in favor of the plaintiffs, for sixty-two dollars, thirty-six and a quarter cents, in damages, and fox their costs.