JOHN G. JOHNS ET AL. *v.* JOHN P. MARTIN'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 2—312.]

**Statute of Limitations.**

In case the evidence in a suit on a note shows a payment after the note became due, the plea of the statute of limitations was properly held to be unavailing, although more than fifteen years had elapsed since the note became due, because fifteen years had not expired from the date of the last payment.

APPEAL FROM FLOYD CIRCUIT COURT.

March 12, 1881.

OPINION BY JUDGE HARGIS:

The question whether the credit on the note, entered March 1, 1861, was a bona fide entry at the time the $12 was paid, was submitted to the court, and its finding must be, treated as the verdict of a jury. There is no conflict of evidence, and the only complaint which can be urged is as to its sufficiency. While the testimony is not conclusive it tends to a considerable degree to prove that the $12 were paid and entered on the note March 1, 1861. It is of such strength as to free the finding of the court from the objection that it is palpably against the evidence. In such case it has been held so often, that the judgment should not be disturbed, that citation of authority is unnecessary.

The payment and correctness of the date of its entry on the note having been found, the plea of the statute of limitations was properly held to be unavailing, although more than fifteen years had elapsed since the note became due, because fifteen years had not expired from the date of the last payment and before Martin's administrator presented the note by the answer filed by him asking judgment thereon. This rule is clearly established by the authority of *Hopkins v. Stout*, 6 Bush (Ky.) 375, and *English v. Wathen*, 9 Bush (Ky.) 387.

The parties having waived their right to a jury and submitted the question of fact to the court, its finding must be considered as conclusive, unless shown to have been palpably against the evidence, which has not been done.

Wherefore the judgment is *affirmed*.

*Jas. Stewart, for appellants.*

*Reid & Stone, Geo. W. Brown, for appellees.*