M. MALONE *v.* GEO. SEARIGHT.

1. PRACTICE AND PLEADINGS. *Charge of the court.* The trial judge cannot be put in error by the inaccurate use of words, not excepted to at the time, where the court can see that it was intended to convey a particular and correct meaning, and could not, when taken in connection with the residue of the charge, have misled the jury. If the charge assumes a fact to be conceded, contrary to the truth, it is the duty of the party to object to the assumption at the time.

2. SAME. *Proof necessary to revive a debt barred by statute of limitations.* To revive a debt barred by the statute of limitations, the same proof is required, whether the promise or acknowledgment were made pending the running of the bar or after the bar had attached.

3. SAME. *Affidavit for new trial.* The affidavit of the unsuccessful party alone is insufficient to sustain a motion for a new trial, so far as it is rested on the information of others, or on the allegation that the opposite party had sworn falsely in a particular matter, and therefore taken him by surprise, where the information and the matter deposed to relate to the very point in issue between the parties.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. N. BAXTER, J.

H. E. JONES for Malone.

GUILD & DODD for Searight.

COOPER, J., delivered the opinion of the court.

Suit upon a note. The defendant pleaded the statute of limitations, and the plaintiff replied a new promise in time. The verdict and judgment were in favor of the defendant, and the plaintiff appealed in error.

The note sued on fell due May 26, 1868, and the suit was commenced January 21, 1878. The defendant allowed a judgment by default to be taken against him, which the court set aside, at his instance, upon the condition that the statute of limitations should not be relied on as a defense in the event it appeared on the trial that the defendant was the principal debtor, and not the security. The note was signed first by M. Malone, Jr., and then by the defendant, with the word "security" following his signature. The issues were, therefore, whether the defendant was principal or security, and whether the note was taken out of the bar of the statute by the new promise.

His Honor, the trial judge, commenced his charge to the jury by saying to them that the first question submitted was whether the defendant was the principal or the surety on the note. If, he continues, defendant is the principal, that is, if he got the money and had the benefit of it, and Malone, Jr., was only security, your verdict will be for the plaintiff for the amount of the face of the note and interest. "But if you find that Malone, Jr., was the principal, and defendant only security, then you will find for defendant; for if he is only security, he is allowed to plead and rely upon the statute of limitations, and it is conceded the note is barred." His Honor then proceeds to charge upon the effect of the indication upon the face of the note that Malone, Jr., was the principal and defendant security, and upon the facts which, if found, would show that the defendant was the principal debtor. And he next explains the law in rela-

tion to a new promise which will take the cause of action out of the bar of the statute.

The first error assigned for reversal is in that part of the charge in quotation marks above, and the argument is that his Honor tells the jury that if they find that the defendant is only the surety they must render a verdict for him, because he is, in that event, entitled to rely upon the statute of limitations, and it is conceded the note is barred. The objections now made are that the charge assumes that it was conceded by the plaintiff that the note was barred, which was not true, and that the verdict must be in favor of the defendant in any event if it satisfactorily appeared to the jury that he was the surety and not the principal.

If the clause in question be taken from its context, and considered abstractly, it would be amenable to the objections urged. But it is obvious, when the clause is construed in connection with the residue of the charge, that it was not intended to convey the meaning now contended for, and could not have been so understood by the jury. What his Honor meant was that if the jury found that the defendant was security, he was entitled to rely upon the statute of limitations, and as it must necessarily be conceded that sufficient time had elapsed to allow the bar of the statute to attach, the jury should, upon these facts and this part of the case, find for the defendant. Confining the language to the aspect of the case then being presented, and taking it in the sense intended and no doubt understood, the charge was correct.

The trial judge cannot be put in error by the mere inaccurate use of words, not excepted to at the time, when we can see that it was intended to convey a correct rule, and could not, when taken in connection with the residue of the charge, have misled the jury: *Roller* v. *Bachman*, 5 Lea, 156. If the charge actually assume as conceded a particular fact, it is the duty of the party to object to the assumption at the time : *Hayes* v. *Cheatham*, 6 Lea, 7 ; *McColgan* v. *Langford*, 6 Lea, 117.

The charge of the court as to what is necessary to take the cause of action out of the statute, is strictly correct. He said to the jury that if the proof shows that within six years before the commencement of the action the defendant acknowledged the justice of the debt and made an unconditional promise to pay it, or made an unconditional acknowledgment of his obligation to pay the note, coupled with an expression of a willingness to pay it, that would take it out of the statute. It is now said that there is a distinction between the revivor of a debt already barred, and the continuation of a debt not barred by the recognition of the debt. In the former case, it is argued, the expression of a willingness to pay is essential, while in the latter such an expression is immaterial—citing 6 Bush, 375. It is not easy to see how the recognition of a debt evidenced by note can have any greater effect than the note itself, which is a continuous recognition. And the doctrine of the Kentucky case seems to be in conflict with our published decisions upon the effect

of a partial payment of the debt: *Steel* v. *Matthews,* 7 Yer., 313; *Lock* v. *Wilson*, 9 Heis., 784. And I am informed by my brother judges that in unpublished decisions the court has expressly held that the same proof is required to revive the debt during the running of the bar as after it has actually attached. And it is a sufficient answer to the assignment of error relied on, that the trial judge was not asked to charge upon the point. If the charge is correct as far as it goes, the judge cannot be put in error by an alleged omission to which his attention was not called: *N. & D. R. R. Co.* v. *Jones*, 9 Heis., 27; *Hatton* v. *Stewart*, 2 Lea, 236.

The affidavit of the plaintiff alone was insufficient to sustain the motion for a new trial, so far as it rested on the information of others: *Scott* v. *Wilson*, Cooke, 315; *Price* v. *Jones*, 3 Head, 85. Or, so far as it was rested on the ground that the defendant had sworn falsely, and thereby taken him by surprise: *Iser* v. *Cohen*, 1 Baxt., 421. The fact that the defendant was only liable on the note as surety was the very point in issue, and the plaintiff was negligent in not being present, and prepared to meet any evidence offered, by his own testimony.

Judgment affirmed.