## Arnett, Administratrix, et al. v. Howard.

(Decided December 16, 1913).

### Appeal from Magoffin Circuit Court.

1. Bills and Notes—Action Against Assignor—Limitation.—The liability of an assignor of a promissory note implied by law from the contract of assignment is barred by the lapse of five years after the maker of the note is prosecuted to insolvency.

2. Bills and Notes—Action Against Assignor—Void Judgment Against Assignor—Effect of on Statute of Limitations.—A void judgment obtained by the assignee against the assignor of a note does not suspend the running of the statute of limitations in favor of the latter.

3. Liens—Vendor's Lien.—Where a grantor in a deed conveys to the grantee certain land in consideration of $500, secured to be paid by a part of a note for $500 executed to grantee by his brother, $240 of which is part of the consideration and the balance of the consideration, amounting to $260, is represented by the notes of the grantee, and a lien is retained on the land for the payment of the unpaid purchase money, and it appears that the grantee paid $260 of the purchase money in personal property, and the grantor obtained a judgment against the maker of the $500 note for $275, which was paid and which equaled, if it

did not exceed, the balance of the purchase price with interest, the assignees of the $500 note are not entitled to a lien on the land for the balance due on the note.

D. D. SUBLETT for appellants.

JOHN H. GARDNER and GRANNIS BACH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the month of February, 1896, William O. Howard sold to his brother, Calloway Howard, an interest in certain lands that had been conveyed to them by their father. The consideration was $500, for which Calloway Howard executed to William O. Howard his note, payable January 1, 1897. On February 27, 1896, William O. Howard purchased from D. H. Arnett, then an infant, a tract of land for which he paid him $260 in personal property and also assigned to him the note for $500 executed by his brother, Calloway Howard. Within ten days after this note became due, D. H. Arnett, by his next friend, instituted suit against Calloway Howard to recover thereon. When this suit was instituted D. H. Arnett was an infant and had not conveyed to W. O. Howard the tract of land purchased by the latter, nor had W. O. Howard conveyed to Calloway Howard his interest in his father's land. W. O. Howard intervened in the action brought on the note to prevent the collection thereof until Arnett conveyed to him the land which he had purchased. In this condition the action pended until Arnett became of age. Thereupon he executed to W. O. Howard a deed to the land purchased by the latter, and at the same time W. O. Howard executed to Calloway Howard, his brother, a deed to the land which the latter had bought. When this was done, Arnett asked permission to withdraw his answer and cross-petition and subsequent pleadings filed in the case. He was then dismissed from the action. Thereafter Calloway Howard set up some kind of a defense to the note sued on, and on February 6, 1900, the court adjudged that he was entitled to a credit of $225, and rendered judgment against him for the balance of $275. Judgment was also rendered against W. O. Howard for $225.

On November 15, 1899, D. H. Arnett, by a writing which he signed, transferred and assigned the $500 note in question to Ambrose Arnett. Thereafter Jane Ar-

nett qualified as administratrix of both D. H. Arnett and Ambrose Arnett, who had previously died.

Some time after the year 1900, W. O. Howard brought suit against D. H. Arnett to enjoin the collection of the judgment which had been rendered in his favor against W. O. Howard. D. D. Sublett, to whom the judgment has been assigned, was also made a party defendant. This action continued on the docket until October, 1906, when judgment was rendered perpetually enjoining the defendants from collecting the judgment. Plaintiff, Jane Arnett, as administratrix of D. H. Arnett and Ambrose Arnett, brought this action against W. O. Howard to recover the balance due on the $500 note executed by Calloway Howard, amounting to the sum of $225, with interest from January 1, 1897, and also the costs in the suit of D. H. Arnett against Calloway Howard, and to enforce the lien reserved on the land to secure the payment of said note. Judgment was rendered in favor of the defendant, and plaintiff appeals.

As a defense to plaintiff's claim defendant pleaded *res judicata* and the statute of limitations. The plea of *res judicata* we deem it unnecessary to consider. As to the plea of the statute of limitations, the following facts appear:

In the suit on the $500 note of D. H. Arnett against Calloway Howard, the former obtained a judgment against Calloway Howard on February 6, 1900. This action was not commenced until September 14, 1909. The liability of the assignor of a promissory note implied by law from the contract of assignment is barred by the lapse of five years after the maker of the note was prosecuted to insolvency. Gilmore v. Green, 14 Bush, 772. In this case suit was not brought for more than nine years. Counsel for plaintiff insists, however, that during six years of this time there was a judgment against the assignor, W. O. Howard, which suspended the running of the statute. There might be some merit in this contention if the judgment had been merely erroneous. As a matter of fact, however, the judgment was void because rendered at a time when W. O. Howard, the assignor, was not before the court, and was so adjudged in the suit by W. O. Howard against D. H. Arnett and others to enjoin its collection, and the latter judgment is still in full force and effect. Being void, the judgment against the assignor did not suspend the running of the statute in his favor. That being true, plaintiff's right

of action on the assignment was barred when the action was instituted.

But plaintiff insists that even if it be true that her right of action is barred, yet she is entitled to recover because the assigned note is secured by a lien on the tract of land which D. H. Arnett conveyed to the defendant. The parts of the deed of December 19, 1898, executed by D. H. Arnett to W. O. Howard bearing on the question of lien are as follows:

"WITNESSETH:—That for and in consideration of $500.00 secured to be paid by part of note of $500.00 executed to the party of second part by Calloway Howard for $500.00, two hundred and forty dollars of which is part of the above consideration, all of said note being assigned to the party of the second part and which note is now in litigation in the suit of the party of the first part against Calloway Howard, &c., in the Magoffin Circuit Court, the balance of said consideration being evidenced by notes of the parties of the second part to the party of the first part amounting to $260.00, all of said consideration being interest from February, 1896, until paid.

"*  *  *  *  *  a lien is hereby retained on the land hereby conveyed for the payment of the unpaid purchase money herein before named."

From the foregoing provisions of the deed it will be observed that the whole consideration for the deed was $500. Of this the sum of $240 was secured by the assignment of the Calloway Howard note. The balance of $260 was represented by the notes of the defendant, W. O. Howard. The lien retained in the deed was merely to secure the unpaid purchase money. It is admitted that W. O. Howard paid the sum of $260 in personal property. Even if it be conceded that the lien was intended to apply to the Calloway Howard $500 note, it secured nothing more than the balance of the purchase price due, or the sum of $240. In 1900 D. H. Arnett recovered judgment against Calloway Howard for the sum of $275, which judgment was paid. This equaled, if it did not exceed the balance of the purchase price with interest thereon. The assignees of the $500 note having therefore been paid all of the consideration secured by the lien retained in the deed, it follows that plaintiff is not entitled to a lien on the land purchased by defendant to secure any balance due on the $500 note.

Judgment affirmed.