## Row' v. Row.

(Decided November 21, 1919.)

### Appeal from Magoffin Circuit Court.

1.  Vendor and Purchaser—Waiver of Lien.—It is competent for the vendor in a deed to expressly waive a lien upon the land conveyed to secure the deferred payments, and when voluntarily done he can not subject the land to the payment of the notes.

2.  Reformation of Instruments—Limitation of Actions.—To reform a deed which contains an express relinquishment of any lien upon the land conveyed to secure deferred payments, upon the ground that the relinquishment was inserted in the deed through fraud or mistake, the suit for reformation must be brought within five years from the discovery of the fraud or mistake, but in no event after ten years from the date of the deed.

A. F. BYRD, CALLOWAY HOWARD and JOHN BURGETT for appellant.

BLACK ROW, H. H. RAMSEY and T. J. ARNETT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellant and plaintiff below, Alexander Row, and his wife, on December 30, 1902, executed a deed to their son, Brake Row, the appellee and defendant below, conveying to him fifty acres of land in Magoffin county, the consideration for which was $250.00, $37.50 being paid cash and notes executed for the balance of $212.50, due two years from date. The grantors retained in the deed the right to live upon and occupy the land during their lives, to use the timber, and cultivate so much of it as was necessary for their maintenance. The grantee had the right to use all of the land not necessary for the grantors, and it was provided in the deed that he should neither sell nor rent any of the land without the consent of the grantors. None of the deferred payments were paid, and this suit was filed on April 11, 1916, to recover judgment upon them and to assert a lien upon the land for its payment.

The answer admitted the execution of the notes and their non-payment, but resisted the assertion of the lien, upon the ground that it was expressly agreed at the time, and so inserted in the deed, that there should be no lien on the land to secure the notes, which is sustained by this clause in the deed:

"That the said parties of the first part, for and in consideration of the sum of $250.00, $37.50 in hand paid,

$212.50 unpaid, secured by note with no lien on said land, &c.''

Plaintiff sought to avoid this defense because, as he alleged, the provision for no lien to be retained on the land was inserted in the deed through fraud or mistake; that he and his wife were ignorant and illiterate people, and the agreement was that a lien should be retained; that it was either fraudulently left out and the above provision inserted, or that it occurred through a mistake of the draftsman.

Defendant met these allegations of the plaintiff not only by a denial of them, but he also pleaded the statute of limitation as a bar to plaintiff's right to correct the fraud or mistake by a reformation of the deed. Upon submission of the cause, the court gave personal judgment against defendant for the amount of the note with interest, but declined to adjudge plaintiff a lien upon the land, and dismissed the petition as to that part of the relief sought, and to reverse the judgment this appeal is prosecuted.

It will no doubt be conceded that it is competent for the parties to a deed to waive, by express stipulation, a lien upon the property conveyed for the unpaid purchase money. The general rule is thus stated in 39 Cyc. 1826:

''The right of a vendor to a lien for purchase money may be waived by him, without consideration, and without writing. A waiver of such lien may result not only from the provisions of the agreement of the parties as to the transaction; but from their acts, conduct or declarations inconsistent with its retention and from which an intention to waive the lien may be implied.''

The doctrine of the text was followed by this court in the case of Arnett v. Howard, 156 Ky. 458. But the right for the parties to so agree does not require a citation of authorities to support it, since it involves only contractual rights. The thing agreed upon and contracted for is not forbidden by any rule of law or public policy, and there is no legal obstacle preventing the parties from making the agreement. Therefore, unless the deed involved may be reformed, and the stipulation against the retention of a lien be stricken from it, no lien upon the land conveyed can be asserted.

Section 2515 of the Kentucky Statutes provides that ''an action for relief on the ground of fraud or mistake

. . . shall be commenced within five years next after the cause of action accrued,'' and section 2519 of the statute says:

''In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud.''

The fraud or mistake relied on by plaintiff in this case was committed, if at all, in 1902, at the time of the execution of the deed, and even if it be true, as plaintiff alleges, that he did not discover the fraud or mistake for more than five years, still the section of the statute quoted above (2519) provides in substance that the discovery of the fraud or mistake must be made within ten years after the perpetration of the fraud or the commission of the mistake, and that the suit for its correction must be brought within that time. In the case before us more than fourteen years elapsed from the time of the perpetration of the alleged fraud or the commission of the alleged mistake before any notice whatever was taken of it.

In the case of Salve v. Ewing, 1 Duvall 271, there was involved the precise question now under consideration, and the court held that the vendor's right to reform the deed was barred by the statute then in existence, which was the same as section 2519, *supra*. The same rule was adhered to in the case of Bennett Jellico Coal Company v. East Jellico Coal Company, 152 Ky. 838, where the same relief was sought that plaintiff seeks in this suit. After quoting section 2519 of the statutes, the court disposed of the contention in this language:

''This is a statute of repose, provided for the very purpose of meeting cases of this character. It recognizes the fallibility of man; that in the ordinary every day affairs of life mistakes will often be made, and that due administration of justice requires that they should be corrected, and it fixes the time limit within which one seeking relief of this kind must apply therefor.''

The statute, and the cases referred to, together with others which might be cited, dispose of the question adversely to plaintiff's contention and fully sustain the judgment. It is therefore affirmed