JUDGE ROBERTSON
delivered the opinion oe the court
(JUDGE HARDIN dissenting).
In September, 1856, tbe appellee, James Stout, sued tbe administrator of John Hopkins on a promissory note executed by Hopkins to Stout on the 11th and payable on the 12th of May, 1849, and on which the following indorsement appeared:
“ $23. Received on the within note twenty-three dollars, August 30, 1852. James Stout.”
At the date of that credit Hopkins, the obligor, was living. His administrator defended the action, and not controverting a partial payment as indorsed, nor alleging any other payment, resisted a judgment on a plea of usury. That defense not being sustained, judgment was rendered in 1860 against the administrator for the amount of the note and interest, subject to credit for the $23 as indorsed; but for want of personal assets no portion of the judgment was ever collected.
The consideration of the note being a sale and conveyance of land which descended to the heirs of Hopkins, the appellee, in August, 1866, brought this suit in equity for obtaining a judgment against them also, and for enforcing a lien claimed on the land which they had alienated. Their answer, not admitting the indebtedness of their father, pleaded the statute of limitations in bar of the action against them. The circuit court rendered personal judgment against' them; and now the question involved in this appeal is whether this suit was barred by limitation.
The judgment against the administrator neither concluded the heirs nor authorized execution against them. The cause of action against them was coeval with that against the obligor, and consequently the time which would have barred an action against him, if surviving, *378 will bar this suit. About seventeen years having elapsed since the cause of action first accrued, 'therefore fifteen years being the limitation, this action is barred unless the indorsement of credit on the note in some way can save the case from the bar.
The statutory bar is peremptory, and can not be evaded by proof that the debt has never been paid. Even an admission of non-payment in the plea of limitation would not prevent the bar. In this respect it is unlike a plea of payment supported by presumption resulting from mere lapse of time, which may be repelled by proof of acknowledgment. Limitation and not payment being the issue in the indorsement of credit, however else it may operate, is not admissible merely as evidence repelling a presumption of full payment. Nor can it be available as evidence of a new and actionable promise to pay the residue of the bond for two reasons: first, this action is, as it should be, on the bond itself; and second, no action on any such implied promise could be maintained on the facts of this case. As long as the cause of action on the bond was unbarred by time, no oral acknowledgment or promise could operate othei’wise than to countex’vail a presumption of previous satisfaction, or to prolong the statutory limita^tion by cutting off the antecedent time. No such promise made before the bar could absorb or supplant the still subsisting cause of action on the bond, and which therefore is the only proper action.
After an action on a contract shall have beexx barred by limitatioxx, a moral obligation may be a bixxding consideration for a xxew promise and different cause of action, and thexx the suit must be brought on the new promise. This is not that case; consequently, if the indox’sexnent be evidence of pax-tial payment, it can operate only as a suspension of the xmnning of the limitation betweexx the *379 accrual of the cause of action on the bond and the date of that payment, or rather a postponement of the cause of action to the latter date.
The philosophy of a peremptory bar by statutory prescription' results from two considerations: first, from the prescribed lapse of time, nothing else appearing, the law presumes satisfaction or exoneration; and second, the danger of the loss of evidence of extinguishment prudently makes the presumption intraversable and conclusive. But an acknowledgment within the statutory time defeats the presumption up to that time, and breaks a link in the continuous running of the statute; and consequently the antecedent time is not counted in computing the bar; and that elision operates so as to elongate the statute to a correspondent extent, and postpone the cause of action to the date of the acknowledgment, just as the statutory saving by any sort of obstruction would do. The party making the acknowledgment waives past time, and is estopped from pleading it; and therefore the bar is not complete until the required time shall have afterward run without further obstruction or recognition of the cause of action. The presumption of exoneration commences after such recognition; and if there shall be subsequent satisfaction, the posterior time must be long enough to authorize the presumption of it per se and alone. In an action brought before the interlapse of the time required by the statute, satisfaction in the mean time will not be presumed as a deduction of law; and the debtor could not complain of air elongation resulting from his own act.
This philosophy seems consistent with the spirit and aim of the statute of limitations in cases of contract; and this must be the true and only ground, on which it has been often adjudged, that a partial payment of a bond may suspend the operation of the statute.
*380 The adjudications and elementary dicta on the subject of partial payments have generally confounded this class of cases with the other two of a merely presumptive bar, and of a new promise after a statutory bar. A proper discrimination will classify all the cases so as to relieve from much confusion and apparent conflict in the books, and establish the true principle governing this case.
Then is the indorsement in this case competent evidence in the obligee’s favor to show that at its date the amount indorsed was paid, and that the balance then remained unpaid? On this question the authorities are to some extent apparently conflicting. The indorsement may have been fraudulently made after time had barred an action on the bond, and antedated to avoid the statute; and the obligee ought not to be allowed thus to make testimony for himself. Unless therefore it shall in some way appear that the indorsement was made before a bar by limitation, reason and preponderating authority incline against its competency. But if shown to have been made when there was no bar, and consequently when it was against the obligor’s interest to make it, and when he had no selfish motive for fabricating it, both reason and authority admit its competency as evidence of what it imports. Still the more vexed question, whether the payment was only partial and left the balance unpaid, remains rather unsettled, and has never been solved by any express adjudication of this court; and that is now the only question for our consideration. The payment as indorsed being admitted, the prima facie presumption seems to be that the indorsement of the credit was made with the obligor’s privity; and the fact that the obligee still held the bond without any previous indorsement or other evidence, or presumption of any antecedent payment, implied that the bond was entitled to no other than the indorsed credit, and that *381 there was a resulting new cause of action on the bond for the entire residue.
Without citing or analyzing the many adjudged cases in England and America on this subject, we deem it sufficient to say that, in our judgment, they preponderate decidedly in favor of this conclusion, and are moreover fortified by reason and analogy.
The prima facie presumptions herein suggested are not repelled by any circumstance or presumption in this case as presented by the record. There is nothing indicating that the obligor was ignorant of the indorsement or absent when it was made, or that the indorsed credit was a full and not, as it imports, a partial payment, or that it did not leave the entire balance still due. Consequently, as before suggested, the only facts which do appear authorize the presumption that the indorsed credit was the only one to which the obligor was entitled.
And this presumption is fortified by the judgment against the administrator, who represented the person of the deceased obligor. Not only was the indorsement made, before the action was brought against him, about six years after the bond became due, but he neither disputed its genuineness nor claimed any other payment; but, after unavail ably defending on the plea of usury only, obtained a credit in the judgment for the amount indorsed.
The appellants do not assail the judgment as either surreptitious or erroneous, nor do they controvert the fads adjudged, but rely solely on the statute of limitations; and, though not being direct parties to that action, they are not concluded by the judgment; yet it is prima facie evidence against them that it was for no more than was then due.
A careful analysis of the Kentucky authorities sustains this conclusion; and even the case of Richards’s adm’r v. *382 Porter’s heirs and devisees, 6 Mon. 1, etc., most relied on as deciding otherwise, confirms the same conclusion. In that ease the heirs and devisees assailed the judgment against the personal representative as collusive, and proved that the testator had discharged the liability for which the judgment, without defense, had been rendered against his administrator, cum testamento. That proof was resisted on the alleged ground that the judgment was conclusive.
Under those circumstances this court, after citing the case of Ewing’s heirs v. Handley’s ex’rs, 4 Littell, 347, said: “All the defendants ask in this case is that the judgment shall not be conclusive. The onus probandi of proving it unjust because of satisfaction by Porter, the obligor, to the obligee is taken by them;” and thereupon decided that the judgment was not conclusive, and that the evidence of antecedent satisfaction of the demand was admissible.
This whole case necessarily implies that the judgment was evidence, and threw the burden of negative proof on the heirs and devisees, who resisted its correctness. This is essential^ a weaker case than that. In this the administrator faithfully argued and resisted the' judgment, and the appellants neither prove nor allege payment, nor question the judgment itself for any cause, but tacitly admit that it adjudged the truth; and they fix the whole issue on limitation as to themselves.
Then, a fortiori, that judgment is at least prima facie evidence against them of the non-payment of more of the bond than the amount of the indorsed credit. And consequently, as there is no presumption or pretense of a larger payment, and there is no bar by limitation, the judgment of the circuit court in this case is affirmed.