CHIEF JUSTICE HARDIN
delivered the opinion oe the court.
This action was commenced on the 19th day of February, 1867, by the appellee, as administrator of Robert English, deceased, against the appellants, as administrators of John B. Wathen, deceased, upon a promissory note executed by said Wathen to the firm of English & Wathen for $1,062.26, dated August 1, 1846, and payable one day thereafter, on which several payments were indorsed, the last of which being as follows:
“ March 15, 1852.
“ Received on this note by the hands of Dr. A. E. Geoghegan seventy-five dollars.
English & Wathen."
That payment as indorsed on the note was alleged in the petition and not controverted, but admitted by. the answer of the defendants, in which, besides other matters of defense, they pleaded and relied upon section 1 of article 3 of chapter 63 of the Revised Statutes, providing, in effect, that such an action as this should be commenced within fifteen years after the cause of action first accrued, and not thereafter; and thus the question was presented whether the admitted payment of seventy-five dollars within fifteen years before the institution of the suit, which was not qualified or restricted by the evidence in its legal import or effect, was prima facie evidence of an acknowledgment, as of that date, that the residue of the debt as appearing from the note remained unpaid, and of a continuing liability therefor, and consequently sufficient to suspend the operation of the statute between the accrual of the cause of action on the note and the date of that payment.
*389 On this question and this evidence, coupled with the presumptions arising from the continuous possession of the note, the case was submitted by agreement of the parties to the court for decision, and thereupon the court dismissed the petition, and the plaintiffs appealed from that judgment.
This court is unanimously of the opinion that, according to the decision of' the majority of the court in the case of Hopkins against Stout (6 Bush, 375), which so far as applicable to this case is adhered to (the Chief Justice, who dissented from it, being alone in favor of overruling it), the court erred in adjudging that the action was barred by limitation, and in dismissing the petition.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.