JUDGE COFER
delivered the opinion of the court.
The appellant brought this suit to charge the appellee as the indorser of a negotiable note.
The appellee denied his liability in that capacity, and no effort was made to sustain the allegations of the petition by *774 evidence. But tlie appellant amended his petition and sought to charge him as the assignor of a non-negotiable note, and also upon a promise in writing to pay the assigned note.-
The appellee, among other defenses, pleaded the statute of. limitation of five years. The law and facts were submitted to the court, and t on was dismissed.
That the liability impL jj law from the contact of assignment is barred is clear, more than five years having elapsed between the time when the maker of the note was duly prosecuted to insolvency and the commencement of the action.
The new promise sued upon is in writing, and was made within less than one year after liability on .the assignment had become fixed by prosecuting the maker to insolvency. The question then is, can an action be maintained at all on that promise?
We think not. The rule seems to be that a mere promise to pay a debt already existing and not barred by the _ statute can not be made the foundation of an action. Its only effect is to cut off and exclude from the period of limitation the time that had elapsed when the new promise was made. (Hopkins v. Stout, 6 Bush, 375; Carr v. Robinson, 8 ib. 274; Trousdale v. Anderson, 9 ib. 277.)
Unless the new promise is made upon some consideration it can not be enforced.
And in this case there is no claim that there was any such consideration. It is not claimed that the preexisting liability implied by law from the contract of assignment was released in consideration of the new promise or was merged in it. That the appellant did not so receive or regard it is manifest from the fact' that he sued on the old obligation, and only set up the new promise when the statute was pleaded in bar of the action on the implied liability. The appellant not having released the appellee from the original liability, and that *775 liability not being merged in the new promise, the new promise was without consideration, and it could not become the foundation of an action. (Ogden v. Redd, &c., 13 Bush, 581.)
But it is contended that the new promise being in writing, the action will not be barred by less than fifteen years, that being the' period of limitation to actions, upon contracts in writing. This position would be correct if an action could be maintained on the new promise. But as it is without consideration and no action can be maintained on it, the only use that can be made of it is to cut off from the period-of limitation the time that had elapsed before the new promise was made. The foundation of the action is the original liability, and that not being evidenced by writing, the action thereon was barred, at the end of five years from the new promise. Whether the period of limitation is five years or fifteen years depends upon the question whether the liability which' is the foundation of the action is evidenced by writing or not, and can not be affected by a new promise not the foundation of the action, whether verbal or in writing.
In Hopkins v. Stout, supra, the suit was on a note, and the new promise was implied from a partial payment made by the obligor, and it was held that the action on the note was not barred until fifteen years had elapsed from the date of the credit on the note. In other words, that the period of limitation is to be determined by the character of the evidence of the liability which is the foundation of the action, and not by the character of the evidence of the new promise.
It seems to us therefore that the correct rule is this, when a new promise is made before the statute has barred an action on the original liability, no action can be maintained on such new promise, unless it was intended by the parties to take the place of the original liability and to discharge the debtor from liability thereon, and in that case' the action must be on the new promise, and the period of limitation to that action will *776 be determined by the character of the evidence of the new promise. But if the new promise was not made and accepted in discharge of the preexisting liability, the action must be upon the latter, and the period of limitation will be determined by the character of the evidence of such liability, and the only effect of the new promise, whether verbal or in writing, will be to cut off the time elapsed before such promise was made, and to date the commencement of the running of the statute from the making of the promise. If the new promise is made after the statutory bar is complete, the action must be upon the new promise, and the period of limitation will here again be determined by the nature of the evidence of such promise.
The judgment of the court below conforms to these views, and is affirmed.