CASE 18—PETITION EQUITY—MARCH 9.

# Proctor v. Bell's Admr.

APPEAL FROM NICHOLAS CIRCUIT COURT.

1. ENFORCING SATISFACTION OF JUDGMENTS.—The remedy provided by sec. 439 of the Civil Code and the following sections for enforcing the satisfaction of judgments where there has been a failure to collect by execution must be strictly pursued.

The return of "no property" upon an execution not directed either to the county in which the judgment was rendered, or to the county of the residence of the defendant against whom the judgment is sought to be enforced, will not enable the plaintiff to maintain such an action. The fact that the execution was directed to the county of the residence of some other defendant in the judgment than the one whose property is sought to be subjected will not authorize the action. But if the execution was directed to the county in which the judgment was rendered, the action may be maintained against any of the defendants.

2. SAME—LIMITATION.—The right to maintain an action for the enforcement of a judgment is barred by limitation where fifteen years have elapsed after the issual of one execution before the issual of another. And the fact that proceedings upon a judgment have been suspended by injunction as to some of the defendants does not prevent limitation from running in favor of a defendant as to whom there was no injunction, although he may have been a nominal party to the proceeding.

J. H. POWER AND G. A. CASSIDY FOR APPELLANT.

1. The return of "no property" upon an execution issued to a county other than that of appellant's residence gave appellee no right to maintain an action under sec. 439 of the Civil Code. (Clements v. Waters & Hayden, 11 Ky. Law Rep., 880; Weatherford v. Myers, 2 Duv., 91; Maddox v. Fox, 8 Bush, 402.)

2. As more than fifteen years elapsed after the issual of the first execution before another execution was issued appellee's right of recovery was barred. Sec. 9 of art. 4, chap. 71 Gen. Stats. has no application. (Phillips v. Shipp, 81 Ky., 442.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On the 8th of November, 1872, in the Nicholas Circuit

Court the appellee recovered a judgment for $515 against the appellants,, A. W. Proctor, J. N. Proctor, Sr., and J. N. Proctor, Jr. In March, 1873, an execution was issued upon the judgment directed to Fleming county, the then residence of the Proctors.

J. N. Proctor, Sr., and J. N. Proctor, Jr., then instituted an action in the Nicholas Circuit Court alleging that the judgment had been improperly obtained against them, and that a large part of the judgment against them was wrong, as certain items with which they were charged and which went to make up the amount of the judgment were individual debts of A. W. Proctor, and for which they were not liable as his sureties, or at all. An injunction was sued out restraining the collection of the judgment of them. After the pendency of this action until the 26th of September, 1878, an order was entered on that day, by consent of parties, directing that the injunction should be dissolved without damages, and that an execution on the judgment should be issued against M. W. Proctor, administrator of the estate of J. N. Proctor, Sr. (he having died pending the action), to be levied of assets, and against J. N. Proctor, Jr., for the sum of $289, interest and costs, thus fixing their liability on the judgment at that sum.

No execution save the one directed to Fleming county in 1873 was issued upon the judgment until the 14th day of March, 1890, which also was directed to the sheriff of Fleming county, and upon which that officer made a return in substance, no property found to satisfy the execution.

Upon the judgment obtained in 1872, and the return of "no property found," this action is based, and in which an attachment was obtained against the property of appellant.

Two grounds of defense to the action were relied upon:

First. That appellee could not maintain the action be-

cause no execution had ever been issued to Nicholas county, the county in which the judgment was rendered, or to Mason county, the county of appellant's residence.

Second. That no execution having been issued upon the judgment from March, 1873, until the 14th day of March, 1890, the right to an action upon the judgment was barred by the statute of limitations.

We are of the opinion that both defenses are good, and we will consider them in the order stated.

Title 10, ch. 4, Civil Code, particularly prescribes the conditions upon which the extraordinary equitable remedy may be applied to enforce the payment of a judgment.

No rule in equity afforded such a remedy as is given by the Civil Code in cases where there is a failure to collect the judgment by an execution. It being a statutory remedy it must be strictly pursued.

Every fact must exist as required thereby before the aid it intended to afford in the collection of a judgment can be invoked.

Under these provisions of the Civil Code the judgment creditor by an equitable action can subject any chose in action, or legal or equitable interest in any property, to the satisfaction of the judgment. To aid in doing this without affidavit or bond he can procure an order of attachment against the property of the defendant by summary proceedings, the court can enforce the surrender of money or securities therefor, or of any other property of the defendant in the execution, which may be discovered in the action, and for such purpose may commit to jail any defendant or garnishee failing or refusing to make such surrender.

When such extraordinary remedies are afforded a judgment creditor, and such vast power is conferred upon the court to enforce it, the law should be strictly followed.

(Maddox, &c., v. Fox, &c., 8 Bush, 402; Weatherford v. Myers, 2 Duvall, 91; Clements v. Waters & Hayden, 11 Ky. Law Rep., 880.)

The testimony is entirely satisfactory that the appellant lived in Mason county when the execution was directed to Fleming county. The fact that one of the defendants in the execution lived in Fleming county when the execution was directed to and placed in the hands of the sheriff of that county, and by him returned, "no property found," did not authorize the appellee to maintain the action against the appellant. When the execution is not directed to the county in which the judgment was rendered, then it must be to the county of the residence of that defendant against whom it is desired to institute an equitable action as in this case. The fact that there are several defendants, and an execution is directed to the county of the residence of some of them, does not obviate the necessity of having one directed to the county where the judgment is rendered, or to the county of the residence of that one against whom it is proposed to institute proceedings on a return of no property.

It may be said that it will work a hardship upon the party holding the judgment because it may be difficult to learn, or may be uncertain, as to the county in which the defendant resides, but this is not true, because when that is the case the execution can be directed to the county in which the judgment is rendered, and be returned, "no property found," and then the right to maintain the action is complete.

More than fifteen years had elapsed from the date of the issual of the first execution until the next was issued.

It is insisted that appellant obstructed the collection of the judgment by a connivance with J. N. Proctor, Sr., and

J. N. Proctor, Jr., in having the action instituted and the order of injunction issued.

The injunction proceedings never suspended the collection of the judgment so far as the appellant was concerned. The appellant was made a defendant to that action. No relief was sought against him, nor did he file any pleading in the action asking for any relief. He was a nominal and unnecessary party to it.

In the proceedings of J. N. Proctor, Sr., and J. N. Proctor, Jr., against the appellee, a consent judgment was entered fixing their liability in the judgment at $289, which was an acknowledgement that they were not liable as the appellant's sureties for the entire amount for which judgment was obtained against them.

Although the appellant may have given his sureties the information that they were not liable for the whole amount of the claim which appellee asserted against him, and aided them in proving it, yet as the injunction did not suspend the collection of the judgment as to him, it can not be said that he obstructed the collection of the judgment so as to prevent the running of the statute of limitations pending that litigation.

The statute of limitations barred appellee's right to maintain an action on the judgment, and the clerk should not have issued an execution thereon against appellant.

Judgment reversed with direction to dismiss the petition.