## Lamkin, et al. v. Cambron's Administrators.

(Decided March 17, 1922.)

### Appeal from Marion Circuit Court.

1.  Pleading—Departure in Pleading—Avoidance.—A reply alleging the acknowledgment of a debt before it was barred by the statute of limitation, is not a departure from the cause of action pleaded

in the petition but is a plea in avoidance authorized under section 98 of the Civil Code.

2. Trial—Transfer of Causes.—It was not error to submit to a jury, as an issue out of chancery, a question not specifically included in the order of reference since on that question the jury found for the complaining party and the finding was adopted in the judgment.

3. Appeal and Error—Attack Upon Judgment.—The judgment of a chancellor cannot be attacked on the ground of error in submitting to the jury issues out of chancery. The finding of the jury on such issues is merely advisory and if the judgment is assailable at all it is on the ground that it is not sustained by the evidence.

4. Limitation of Actions—Acknowledgment of Debt—Presumption of Payment.—An unequivocal acknowledgment of a debt, not then barred by limitation, serves to defeat the presumption of payment and prolongs the statutory limitation by cutting off the antecedent time.

5. Appeal and Error—Finding of Fact.—Evidence examined and held to sustain the finding of fact, that the debtors acknowledged the debt before it was barred.

6. Appeal and Error—Pleading.—The refusal of the trial court to permit an amended answer, counterclaim and set off to be filed can not be considered on appeal, where the pleading offered for filing and refused was not made a part of the record.

BEN SPAULDING and S. A. RUSSELL for appellants.

H. P. COOPER for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellees, R. E. Cambron and G. R. Buckler, as administrators of the estate of C. B. Cambron, sued appellants, Susie E. Lamkin and Wilfred Lamkin, in the Marion circuit court on three promissory notes of $310.42 each, dated February 12, 1897, bearing interest at the rate of 6% per annum, payable annually, and maturable respectively in two, three and four years thereafter. The notes were given for deferred payments on a farm, sold to appellants in February, 1897, and were secured by a lien on the land sold. Certain payments were alleged to have been made on the notes, and appellees asked for a judgment for the balance due, to be adjudged a lien on the land, and that it, or so much thereof as was necessary, be sold to satisfy the debt, interest and cost.

By answer appellants admitted the execution of the notes, but averred that they executed four notes for $310.42 each, of date February 12, 1897, due one, two,

three and four years thereafter; that the first note was paid and surrendered to them; that the second note had been fully paid but Cambron had refused to surrender the same; and that nothing had been paid on the third and fourth notes and the alleged credits on those notes were placed thereon, more than fifteen years after they had matured. They pleaded the statute of limitation as to the third and fourth notes.

By subsequent pleadings appellees admitted the payment of the second note, and also that the credits on notes three and four were written thereon more than fifteen years after their maturity. By a reply appellees avoided the plea of limitation as to these notes by alleging that in 1914, within fifteen years from the maturity of the two notes, appellants acknowledged to Cambron the indebtedness, as evidenced by the notes, and promised to pay the same. The allegations of the reply were controverted. The trial court submitted to a jury the question of whether appellants had acknowledged the indebtedness at the time alleged in the reply, and also that of whether at that time they claimed any credit not shown on the notes and if so the amount so claimed. The jury found that appellants did acknowledge and agree to pay the indebtedness at the time alleged and that they claimed a credit at that time of $65.00.

Accepting the finding of the jury, as a satisfactory determination of the questions submitted, the court entered judgment against appellants for $620.84, with interest thereon at the rate of 6% per annum from February 12, 1897, less a credit of $65.00 with interest thereon from October 8, 1898, and adjudged a lien on the land described in the petition and the sale thereof to satisfy such lien in accordance with the prayer of the petition.

On this appeal the first insistence is that the trial court erred in permitting appellees to file a reply in which they set up an acknowledgment of the indebtedness in 1914 and a promise at that time to pay it. On this point it is contended that a new cause of action was set up and it was not proper to plead it in a reply. In support of this contention, section 98 of the Civil Code is cited, wherein it is provided a reply may contain a statement of facts which constitute an estoppel against, or avoidance of, a set off, counterclaim or defense stated in the answer. Counsel also rely on Spiess's Admx. v. Bartley, 130 Ky. 277, and other decisions of this court. These authorities, however, are inapplicable since the replies

under consideration there were departures, and set up new and independent causes of action.

The argument on this point fails to recognize the important consideration, that the plea of limitation is a personal plea, which a party may or may not desire to make, but if he does avail himself of it the opposing party may then plead in avoidance thereof. (Yager's Admr. v. President, etc., 125 Ky. 177, Baker, et al. v. Begley, 155 Ky. 234.) The reply of appellees was a plea in avoidance, authorized by the section of the Civil Code referred to, which if sustained had the effect of defeating the presumption of payment and breaking the link in the running of limitation. (Hopkins v. Stout, 6 Bush 375.) It did not, therefore, change the cause of action set up in the original petition but constituted a matter of avoidance properly set out in a reply.

The judgment is next attacked on the ground that it was improper to submit to the jury, as an issue out of chancery, any question not specifically included in the order of reference. The motion for an issue out of chancery embraced the single inquiry as to whether appellants in 1914 acknowledged or promised to pay the indebtedness covered by the last two notes. In addition to that the trial court submitted the question of whether appellants at that time claimed any credit on the notes, and if so how much? It is said, therefore, that the special finding of the jury on the latter question is void, and on the first question is not binding on the court. No perceivable error was committed in submitting to the jury the question, not embraced in the order of reference, for the finding on that question was favorable to appellants and was adopted in the judgment rendered. It is certainly true that the finding on the question embraced in the order is not binding on the court, but is merely advisory. This we have repeatedly held. However, the chancellor adopted the finding, but his judgment is not open to attack on the ground that he did or did not submit any issue to a jury. If assailable at all, it is on the ground that the evidence did not warrant the judgment. It is manifest, therefore, that no error was committed in submitting the issues out of chancery.

Another contention of appellant is that there is not a scintilla of evidence in the record to support the finding that in 1914 there was an acknowledgment of the indebtedness on the part of appellants or a promise to pay it. It is earnestly argued that the jury should have been per-

emptorily instructed to find for appellants on that issue and a judgment rendered in consonance with their finding. If this position is sound, it follows that there was no issue of fact for a jury and the court should have sustained the plea of limitation and dismissed the petition. This goes to the question of evidence, to which we shall presently refer.

With regard to the legal question the argument proceeds primarily upon the theory that a promise to pay a barred debt must be clear, absolute and unconditional in order to revive it or to constitute a supporting consideration for the indebtedness. And, similarly, that a promise to pay or an acknowledgment of a debt not then barred must be positive in order to eliminate the antecedent years from the computation of limitation. Numerous authorities are cited by counsel in support of this contention. We deem it unnecessary to discuss them separately. Admittedly, where the action is upon a new promise to pay a debt that is barred, the acknowledgment by the debtor must be so positive and unqualified as unquestionably to raise an implied promise, if it does not contain an express promise. The authorities relied on by appellants so hold, but in all of them there is the recognition of the difference between cases of that kind and those where the acknowledgment or promise is made before the debt is barred, in which event an unequivocal acknowledgment or admission of the debt serves to defeat the presumption of payment and prolongs the statutory limitation by cutting off the antecedent time.

This is an action on the original promise contained in the notes. The acknowledgment of the debt in 1914, if there was an acknowledgment, was before the statute became effective, and it is relied on here to avoid the plea of limitation. If the acknowledgment was proved, the result, so far as limitation is concerned, is an eradication of the antecedent years. An express promise in such case is not necessary but an unequivocal acknowledgment of the indebtedness is sufficient to defeat the presumption of payment and break the link in the chain of limitation. (Ditto and Lansdale v. Ditto's Admr., 4 Dana 502; Tate v. Hawkins, etc., 81 Ky. 577; Hopkins, etc. v. Stout, 6 Bush 375; Rankin, etc. v. Anderson, 24 Ky. Law Rep. 647.)

There was evidence to show that in 1914 appellants telephoned Cambron to meet them at Raywick for the

purpose of effecting a settlement. Much of the testimony of the appellants as to their conversations with Cambron was incompetent under section 606 of the Civil Code, but they introduced other witnesses who heard the conversations and their testimony shows that appellants acknowledged the indebtedness, but did not pay it because they claimed a credit of $65.00 that Cambron would not allow. It is our view that there was a sufficient acknowledgment of the debt in 1914, except $65.00 of it, to defeat the running of the statute of limitation, and on that ground the judgment of the court below is proper.

Another complaint of appellants is that the amended answer, set off and counterclaim, tendered after the jury returned its verdict on the issues of fact, should have been filed. In the amendment appellants attempted to plead payment of the notes and to assert a counterclaim. The trial court refused to permit the amendment to be filed. The merits of that ruling cannot be considered, since on the refusal of the court to permit the pleading to be filed appellants did not make it a part of the record. The rule is well established that a pleading, offered for filing in the circuit court and refused, cannot be considered on appeal where it is not made a part of the record. (Young, etc. v. Bennett, 7 Bush 474; Slone, et al. v. Kelley, 143 Ky. 135.)

It is finally insisted that the evidence and pleadings entitle appellants to a judgment annulling the three notes sued on, and to a recovery against appellees on the counterclaim asserted in the amended answer. The latter proposition has just been disposed of. The remaining portion of the contention goes to the evidence and is equivalent to saying that the judgment is not sustained by sufficient evidence. We cannot concur in that view. The evidence fully sustains the adjudged facts and on this ground, too, it must be held that no error is shown.

Wherefore, the judgment is affirmed.