## Thompson v. Wisconsin Steel Company.

(Decided April 30, 1926.)

### Appeal from Harlan Circuit Court.

1. Limitation of Actions.—When a new promise is intended by parties to take place of original liability and discharge debtor from liability thereon, action must be on new promise, and period of limitation to that action will be determined by tne character of the evidence of the new promise.

2. Limitation of Actions—Where Employer Agreed to Come to Lump Sum Settlement for Injury, Injured Employee Should have Brought Suit on Such New Promise, and Suit Based on Original Cause of Action was Properly Dismissed.—Where defendant employer agreed, in case of permanent injuries resulting from shock to plaintiff, to make a lump sum settlement, plaintiff should have brought his suit upon such promise, parties having in contemplation plaintiff's probable recovery within a reasonable time, and hence suit by plaintiff based on original cause of action was properly dismissed.

G. G. RAWLINGS for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The plaintiff Thompson, sued for personal injuries, his action was dismissed, and he has appealed. The Wisconsin Steel Company operates a coal mine at Benham, Kentucky, and during the year 1914 had in its employment Clifford M. Thompson. It employed several colored men in and about its mines, and some of these colored men had formed a habit of coming to the shop and drinking out of the dipper or cup prepared and kept for the use of the white employees. It is alleged that in order to stop this, the superintendent of the Wisconsin Steel Company attached to the cup a wire in such a way that the cup became charged with electricity. Without knowledge of this condition, Thompson, who had become thirsty, came to get a drink, and when he picked up this cup, he received an electric shock of such violence that it resulted in the permanent loss of the use of his arm. In 1924 Thompson sued the Wisconsin Steel Company for $10,000.00 for the injuries thus inflicted upon him, alleging that it had failed to furnish him a reasonably safe place to work, and that as a result, he had been sub-

jected to a current of electricity of great voltage, and had sustained the loss of his arm. The Wisconsin Steel Company demurred to the petition, and without waiving its demurrer, filed three paragraphs of answer. The first was a general denial, the second a plea of contributory negligence, and the third was a plea of limitations. Thompson demurred to the answer and without waiving his demurrer, filed a reply denying the contributory negligence and pleading that after receiving the injuries complained of and within a year thereafter, the Wisconsin Steel Company sought and importuned plaintiff into settling the case with them for and in consideration of his re-employment and a promise that if his injuries should prove to be permanent, to pay what was right for the injuries; that he did return to work under such conditions, and after having been employed for a time, was discharged, and with and as a part of his reply, he filed the following:

"Wisconsin Steel Company, Benham, Ky.

"In case of permanent injury resulting from shock in shop to Clifford M. Thompson, the company hereby agrees to come to a lump sum settlement, whatever can be agreed upon at the time it is deemed a permanent injury by a practicing physician.

"WISCONSIN STEEL COMPANY,
By W. C. TUCKER, Supt."

To this reply, the Wisconsin Steel Company filed a demurrer and upon consideration thereof, the court sustained the demurrer to the reply, and the plaintiff declining to plead further, the court dismissed his petition. This was properly done because the plaintiff should have brought his action upon this writing.

In Gilmore v. Green, 77 Ky. (14 Bush) 772, we find:

"    . . .   when a new promise is made before the statute has barred an action on the original liability, no action can be maintained on such new promise, unless it was intended by the parties to take the place of the original liability and to discharge the debtor from liability thereon, and in that case the action must be on the new promise, and the period of limitation to that action will be determined by the character of the evidence of the new promise."

This statement of the law fits this case exactly. These parties had in contemplation the plaintiff's probable recovery within a reasonable time, and made provision by this writing to preserve the rights of plaintiff in event he did not recover. It took the place of the former cause of action, if any, and he should have brought his suit upon it.

The. judgment is affirmed.