# City of Louisa v. Horton.

(Decided Nov. 7, 1935.)

740

JOHN T. FRIELRICH for appellant.

WOODS, STEWART & NICKELL for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming in part and Reversing in part.

The city council of Louisa, by ordinances not here questioned, directed the paving of Lady Washington, Madison, Franklin, and Clay streets. The improvement of each of them was made in pursuance to the ordinances and in accordance with a contract entered into between the city and a contractor. They were accepted and approved by the city council. Petitions asking for the improvements were lodged with the city council by a number of the property owners, but no one of them was signed by Mary B. Horton. The city council, by

a vote of four members-elect, at a regular meeting as authorized by section 3643-3, Kentucky Statutes, caused the improvement on each street to be made on the 10-year plan.

The separate assessments of the costs of improving her lots are:

Madison street
Paving 69.5 @ 5.78 ....................... $ 401.71
Sewerage .................................... 35.82
Franklin street
Paving 208.7 ft. @ 5.6624 ............... 1181.57
Sewerage .................................... 105.40
Lady Washington street
Paving 208.7 ft. @ 5.602 ............... 1168.97
Sewerage .................................... 104.25
Clay street
Paving 208.7 ft. @ 4.25985 ............ 889.01
Paving 165 ft. @ 3.96145 .............. 653.64

The amount and dates of the assessments are not now disputed. The same were directed to be paid out of the city treasury, and annually placed on the tax list of the city taxes for collection as other taxes.

This action was filed in the name of the city on July 8, 1932, to enforce the improvement lien on each lot on which the cost of the improvement had been assessed in accordance with its ordinances to satisfy the balance of the costs of the improvement on Lady Washington and Clay and the whole costs of the improvement on Franklin and Madison. In her answer, she admitted that the improvement on each street had been made and assessed on the 10-year payment plan, but alleged that the cost assessed against each lot was greater than 50 per cent. of the value thereof. Also, that the assessment was placed upon the tax books of the city to be collected at the regular time of collecting other taxes, but alleged

"that more than five years elapsed next after said installment became due and payable and that by virtue of the statute and ordinances of the city, the whole of the street assessment became due and payable, and the same has remained in default and unpaid for more than five years next after the installment was due and payable and by reason

thereof, the whole amount" "is barred by the five-year statute of limitations, being section 2515, Kentucky Statutes, in such cases made as provided."

She alleged that the ordinance of the city, fixing the assessment on the abutting property contains this statement:

"The assessments may be collected like other taxes, or, the city may at any time, after the installment remains delinquent for thirty days, by a suit in equity, enforce its lien with all the unpaid installments with interest at the rate of to date of satisfaction thereof and its costs expended. * * * The assessments thus made against property fronting, abutting or bordering on said improvements shall be collected like other taxes, or the city may at any time after the installment remains delinquent for thirty days by a suit in equity; enforce its lien on all unpaid installments and interest to date thereon with its costs expended."

The city, in avoidance of the plea of limitation, denied the installments had become due or payable, either by virtue of the statute or ordinance, or that the same were barred by the statute of limitations of five years; and further averred that she had made payments on the costs of two of the improvements, and, in consideration of the city not bringing suit against her to enforce its improvement liens, she had promised to pay the costs of the improvements as assessed against her property, and that she had continued "to make said promises and that the city of Louisa and its officials relied thereon, up to and including sometime in March or April 1931," and it "did forego to bring a suit against her to enforce a lien against her property and that said forbearance on the part of the city was brought about by her promise to pay," and by reason of the payments aforementioned, and her promises to pay the costs of the improvements, she was estopped to rely on the statute of limitations as to either of the improvements. Other pleadings were filed completing the issues.

The defense that the cost of either improvement was greater than 50 per cent. of the value of the improved lots is not now presented in this court, except

as to one lot. As to it, she contends that the city failed to introduce evidence showing the cost of the improvement of this particular lot was not greater than 50 per cent. of its value. This argument overlooks the rule that the presumption is that the city council, when making the assessment in accordance with the statute, observed and obeyed the statute, and did not make it in excess of 50 per cent. of the improved value of the lot.

If the cost of its improvement exceeded 50 per cent. of its improved value, the burden was upon her to establish the allegation of her answer in this respect, and not upon the city to prove the negative. City of Williamsburg v. Perkins et al., 240 Ky. 160, 41 S. W. (2d) 915.

The difficult and perplexing question is the correctness of the decree of the trial court enforcing the liens on the different lots. It declared a lien of $1,273.22, with interest, subject to stated credits in favor of the city on the lot fronting Lady Washington; $889.01, with interest from June 14, 1927, subject to credits of $137.34 on lot fronting Clay. The petition, in so far as it sought to enforce liens for the improvements fronting Franklin and Madison, was dimissed. The city appeals from so much of the judgment as dismissed its petition, and Mrs. Horton prosecutes a cross-appeal from so much of it as adjudged liens on the property fronting Lady Washington and Clay streets.

To appropriately dispose of the contention of the parties, it is essential to consider the statute authorizing the city to make the improvements, and the making of them on the 10-year payment plan.

The parties agree in their pleadings that the improvement on the different streets was directed to be made, and was made, in conformity with the ordinances of the city adopted by four members-elect of the city council and on the 10-year payment plan. The payments made thereon and the dates thereof are not disputed. Only the effect of the payments on the different improvements is debated in the briefs of the parties. By taking the total cost of each improvement and dividing it by ten, the amount of the annual installment due and payable on the 10-year plan may be ascertained. The same, with interest, is payable in 10 equal install-

ments, and each installment is due annually, "at the time the first payment of city taxes next succeeding the time such assessment is placed upon the tax list," "and all unpaid installments" "in default," "at the option of the city or of any bond-holder whose bond or bonds or interest thereon are in default, forthwith become due and payable." And a suit therefor in the name of the city may be instituted. Section 3643-7, Kentucky Statutes.

It does not appear that when Mrs. Horton paid the $137.84 on Clay, or either of the four payments on the Lady Washington improvement, she directed the application of the payments to any particular installment due on either improvement.

It is an accepted rule that if a debtor makes a payment where the amount is payable in installments, and does not direct the application of the payment, the creditor has the right to appropriate the sum paid to whichever installment he desires, unless one of them is not due, in which case it is his duty to apply the payment to the one due. And, generally, where neither the debtor nor the creditor has applied the same, the court will make the application to the payment of the most precarious or the older, if both are due. Anspacher v. Utterback's Adm'r, 252 Ky. 666, 68 S. W. (2d) 15.

It is equally as well established that a partial payment on an obligation made before it is barred by limitation is prima facie an acknowledgment that the residue is unpaid and of a continuing liability therefor, and suspends the operation of the statute between the accrual of the cause of action and the date of that payment. Hopkins v. Stout, 6 Bush, 375; English v. Wathen, 9 Bush, 387; Miller's Adm'r v. Jolly, 5 Ky. Law Rep. 324. Or in other words, a payment starts the running of the statute of limitation from the date of payment. Richardson's Adm'r v. Morgan et al., 233 Ky. 540, 26 S. W. (2d) 32. The same principles govern where the obligation is secured by a lien on real property. Clift v. Williams, 105 Ky. 559, 49 S. W. 328, 51 S. W. 821, 20 Ky. Law Rep. 1261.

A promise, made before a debt is barred, serves to suspend the running of the statute or to prolong the statutory limitation by cutting off the antecedent time, and the action to recover must be brought on the orig-

inal obligation. If, however, the debt is barred at the time of the new promise, it must be brought on the new promise. Hopkins v. Stout, supra; Carr's Ex'r v. Robinson, 8 Bush, 269, 274; Gilmore v. Green, 14 Bush, 772; Rankin v. Anderson, 69 S. W. 705, 24 Ky. Law Rep. 647.

The promise to pay must be clear, absolute, and unconditional, and proven to have been made within the time prescribed by the statute. Chism v. Barnes, 104 Ky. 310, 47 S. W. 232, 875, 20 Ky. Law Rep. 569; Marcum's Adm'x v. Terry, 146 Ky. 145, 142 S. W. 209, 37 L. R. A. (N. S.) 885; Lamkin et al. v. Cambron's Adm'rs, 194 Ky. 246, 238 S. W. 766.

An unqualified acknowledgment of a debt as a subsisting demand is sufficient to prolong the statutory limitation, and an express promise to pay it is unnecessary. King v. Nichols, 12 Ky. Law Rep. 293.

The acknowledgment will operate to take the case out of the statute when it admits the debt continues due at the time of the acknowledgment. French v. Frazier's Adm'r, 7 J. J. Marsh, 425. The debtor's mere admission of the justice of the debt is sufficient to suspend, or take it out of, the statute of limitations. Ditto v. Ditto's Adm'rs, 4 Dana, 502.

It is Mrs. Horton's contention that these principles do not apply to street assessments, and especially not in this case, because neither the acknowledgment of, nor the promise to pay, the same was made to the city or any one authorized to collect the costs of the improvements.

It is true "there is a clear distinction between cases ex delicto and cases ex contractu, with respect to new promises. In the one case the new promise does not operate to toll the statutes, while in the other it does." An action in tort, or "upon specialties," when barred by the statute of limitation cannot, like a case founded upon contract, be revived by a new promise. "'The rule,' says the authority in 17 R. C. L. 894, 'relating to acknowledgments, new promise, or part payment has been confined in its application to contracts, express or implied, for the payment of money and has not been extended to actions in tort or upon specialties which are required to be brought within a certain

time.'" Luther & Morgan v. Payne, Agent, 197 Ky. 359, 247 S. W. 39, 40.

It is her insistence that the improvement liens on her property do not arise out of a contract, nor exist under the common law.

"In all cases where liability is created by the positive requisitions of a statute, and not by the act of the parties themselves, the liability is in the nature of a specialty, and is not within the statute of limitations," which is applicable to simple contracts, "unless expressly made so."

See volume 1, Wood on Limitations (4th Ed.) sec. 36, page 134; In re Cornwall Minerals Ry. Co., [1897] 2 Ch. 74; Robertson v. Blaine County (C. C. A.) 90 F. 63, 47 L. R. A. 459.

The liability of her property for the costs of the improvements is statutory (City of Middlesboro v. Terrell, 259 Ky. 47, 81 S. W. (2d) 865), and the limitation prescribed by section 2515, Kentucky Statues is applicable and controlling (Kirwin v. Nevin, 111 Ky. 682, 64 S. W. 647, 23 Ky. Law Rep. 947), and it began to run 30 days after the first installment on each improvement was due. City of Covington v. Patterson, 191 Ky. 370, 230 S. W. 542.

The action in the present case is predicated on the statutory liability of the lots for the costs of the improvements and not on a subsequent acknowledgment or a new promise to pay or discharge that liability. Conceding, arguendo, that her acknowledgment of, or promise to pay, the costs of the street improvements, may not be made the foundation of an action to enforce the original statutory liens on her property to secure the payment of the costs, there remains to be determined whether she can estop, and has estopped, herself to interpose the statute of limitations as a bar to the action to enforce the statutory liens to satisfy the costs of the improvements. It must be conceded that the statute of limitation does not affect the validity of the liens, but only the time of enforcing them; or, in other words, it does not destroy the right but withholds the remedy. Graves v. Graves' Ex'rs, 2 Bibb, 207, 4 Am. Dec. 697; Oliver v. Crewdson's Adm'r, 256 Ky. 797, 77 S. W. (2d) 20. The plea of limitation is a personal

one (Hyden v. Calames, 161 Ky. 593, 171 S. W. 186; Moore v. Shepherd, 189 Ky. 593, 225 S. W. 484; West v. W. T. B. Williams & Sons, Bankers, 202 Ky. 382, 259 S. W. 1015), and a party entitled to plead it, may, by his acts, conduct, and statements, estop himself to rely upon it as a defense, "in actions in tort, or upon specialties," which are required to be brought within a certain time. Chesapeake & N. Ry. v. Speakman, 114 Ky. 628, 71 S. W. 633, 24 Ky. Law Rep. 1449, 63 L. R. A. 193; Exchange Bank of Kentucky v. Thomas, 115 Ky. 832, 74 S. W. 1086, 75 S. W. 283, 25 Ky. Law Rep. 228; City of Lexington v. Bowman, 119 Ky. 840, 84 S. W. 1161, 85 S. W. 1191, 27 Ky. Law Rep. 286, 651; Bargo v. Bargo, 86 S. W. 525, 27 Ky. Law Rep. 680; Hamilton's Ex'r v. Wright, 87 S. W. 1093, 27 Ky. Law Rep. 1144; Loy v. Nelson, 201 Ky. 710, 258 S. W. 303; Louisville & N. R. Co. v. Carter, 226 Ky. 561, 10 S. W. (2d) 1064.

Chesapeake & N. Ry. v. Speakman was an action in tort, in which the defendant pleaded the statute of limitation. In avoidance of the plea it was charged that the railroad company represented to the employee, who had been injured, it would give him a permanent job and pay for his injuries when their extent was determined, and thereby induced him not to sue until the limitation had run, after which he was discharged with the information he would receive nothing further. We held the company was estopped from pleading the statute.

Louisville & N. R. Co. v. Carter was an action in tort to which the railroad company interposed as a bar, the statute of limitation. In avoidance of it, 'it was alleged that it had promised to pay the plaintiff's hospital, doctors' bill, and wages, if he would defer suit, which he did, and the company ignored its promise. Suit was filed, the statute of limitation was pleaded as a defense, and we held that the facts avoided the plea of limitation.

In City of Lexington v. Bowman, a street improvement was made on the 10-year payment plan under the ordinances of the general council of the city. The cost of the improvement was assessed by the city on the 10-year payment plan as authorized by the statute.

"The city issued its bonds and paid for the im-

provement, and appellee paid the first and second of the 10 installments assessed against his property. He refused to pay the remainder of the tax, and ·on February 23, 1901, filed his suit on the ground that the proceedings of the council were void, and that there was no lien on his property. Among other things, he pleaded that he did not request the city to lend him credit for 10 years, or for any period of time; that his liability ·for the improvement attached at the time of the completion ·of the work, in the year 1892; and that the defendant's cause ·of ·action, if any it had, was barred by the limitation of 5 years.''

In avoidance of his reliance upon the· statute of limitation, the city pleaded facts which it charged constituted an estoppel of his right to rely ·on the statute ·of limitation. Of this, we said:

''The question of estoppel is the only matter to be determined on the appeal now before us. * * * He [Bowman] was entitled to have the 10-year plan of payment if he requested it. A request may be express ·or it may be implied. If the appellee did not in advance request the council to adopt the 10-year plan, he might afterwards consent to its adoption. The choice was with him. * * * If he received credit from the city, knowing that the ·city was acting upon the idea that he had requested it, he cannot be· allowed, after enjoying the ·credit which he thus received, to ·say that he did not request it, and thus throw a loss on the city which it would not have sustained but for his misleading it. * * * If appellee did not request the ·city to adopt the 10-year plan, he knew that it had adopted it, and he accepted and enjoyed the credit which the city thus gave him. 'The law must imply a request for what he has thus received and enjoyed whether he expressly requested it or not. Equitable estoppels are not confined to acts willfully and intentionally done for another to act upon. If a person knows that another is altering his position for the worse on the idea that he has requested him to do something, and knows that the other person is in good faith complying with the supposed request, he cannot, after enjoying all the benefits, if the other party will be prejudiced there-

by, be allowed to say that he made no request. * * * If appellee had not wanted the 10-year plan followed, all he had to do was to go to the council and say: 'You were mistaken about my requesting the ten-year plan. I will pay my assessment now on the cash basis.' He was required to act in regard to this liability upon precisely the same principles as in the case of any other debt, and he cannot be allowed to acquiesce in the mode of payment adopted by the council until after the lapse of five years, and then rely upon limitation in bar of the claim. Richardson v. Mehler, 111 Ky. 408, 63 S. W. 957 [23 Ky. Law Rep. 917]; City of Louisville v. Gast [118 Ky. 564], 81 S. W. 693, 26 Ky. Law Rep. 412; Barber Asphalt Pav. Co. v. Garr [115 Ky. 334], 73 S. W. 1106, 24 Ky. Law Rep. 2227.''

A taxpayer has no more right to be dishonest toward the government than toward other persons. The principles and reasons therefor as stated in the cases, supra, and especially in the Bowman Case, control the present one, in so far as the issue of estoppel is involved.

The principles enunciated in those cases, warrant the statement that evidence of an acknowledgment of, or promise to pay, an ordinary debt, if sufficient to suspend the statute of limitation, is sufficient to constitute an estoppel ''in actions in tort or upon specialties'' which are required to be brought within a certain time. To avert this view, Mrs. Horton insists that there is no evidence showing that she acknowledged the liability of her lots for, or promised to pay, the costs of the improvements, either to the city or any one acting for it.

To See and Adams, who during different terms acted as city attorney, before, during, and after, five years following the date of the assessment of the costs of the improvements of her lots, she acknowledged the existence of the liens and the liability of the lots for the costs of the improvements, requested forbearance, and an extension of time, and agreed to pay them. Each of them, in reliance upon her statements, granted her time.

It is true that an acknowledgment of a debt or a promise to pay the same to a stranger is insufficient to

suspend or stop the statute of limitation. Trousdale's Adm'r v. Anderson, 9 Bush, 276. Such acknowledgment or new promise must be made to the creditor, or some one acting for him. In this case, to be obligatory on Mrs. Horton, such acknowledgment or new promise must be proven to have been made to the city, or some one acting for it, with authority to enforce the liens or to collect and receipt for the assessment taxes. Thornton's Adm'r v. Minton's Ex'r, 250 Ky. 805, 64 S. W. (2d) 158; Crouch's Adm'r v. Crouch, 5 Ky. Law Rep. 899; Hargis v. Sewell's Adm'r, 87 Ky. 63, 66, 7 S. W. 557, 9 Ky. Law Rep. 920; Davis v. Strange, 156 Ky. 420, 161 S. W. 217; Bain v. Sawyers, 14 Ky. Law Rep. 857; Proctor v. Bell's Adm'r, 97 Ky. 98, 30 S. W. 15, 16 Ky. Law Rep. 823; Dowell v. Dowell's Adm'r, 137 Ky. 167, 125 S. W. 283.

An examination of the record discloses that on December 29, 1921, the city council adopted a resolution declaring

"that upon the failure of property owners to pay one-tenth of the assessment tax with interest thereon (which included Mrs. Horton) at the rate of 6% per annum on the entire tax on or before February 1st, 1922, suit should be brought to enforce the improvement liens, and thereby directed suit to be instituted against all such property owners whose installments were in default, to enforce the liens on their properties to pay all installments."

It was the statutory duty of the city attorney to institute and prosecute such suits.

The authority to institute and prosecute the actions to enforce the improvement liens impliedly carried with it plenary authority to extend time of the payments to, or otherwise collect from, the property owners, including Mrs. Horton, than by an action in equity. Krieger v. Title Ins. & Trust Co., 260 Ky. 1, 83 S. W. (2d) 850.

Mrs. Horton quotes from section 3643-7, Kentucky Statutes, this language:

"The assessment improvement may be collected like other taxes or the city may at any time, after one installment remains delinquent for 30 days by

:a suit in equity enforce its lien for all unpaid installments with interest thereon to date for satisfaction of same and costs expended.''

This is only a part of the sentence from which it is quoted. Nor does the quotation contain the sentence immediately following it, which reads:

"In default of payment of any such installment of tax or interest for thirty days after the same becomes due as herein stated, * * * and all unpaid installments of the tax assessed against such property so in default shall, at the option of the city or of any bondholder whose bond or bonds or interest thereon are in default, forthwith become due and payable. Any such action shall be prosecuted in the name of the city, * * * for the payment of all unpaid installments assessed against such property, with all interest thereon, and for such added penalty, and the costs of the action.''

Mrs. Horton, after quoting only a part of one sentence of section 3643-7, argues that the word "may" in that portion of it which she quotes must be applied as it was construed in City of Covington v. Patterson, and, when it is so applied, the entire cost of each improvement became due and payable within 30 days after the assessment was accepted and approved by the city council, and that, according to the Patterson Case, the 5-year statute of limitation is a complete bar to the city's right to enforce the liens on her lots. By so quoting a part of the statute, she argues that the case is distinguishable from City of Middlesboro v. Terrell.

A mere reading of that portion of section 3643-7, copied above, is a sufficient response to her argument that the word "may" in the portion of the section quoted by her should be construed as it was in City of Covington v. Patterson, and that the City of Middlesboro v. Terrell is not applicable in the present one.

She argues that her motion supported by affidavit to dismiss the action for want of authority of the attorneys whose names are signed to the petition, to institute and prosecute the action, should have been sustained.

The resolution of the city council, of date December 29, 1921, directing the city attorney to institute an

action in equity against the lot owners whose assessments were unpaid, to enforce the liens for the satisfaction of the same, and the interest, manifestly was ample authority of the city attorney to bring this action. His authority thereunder was a continuing one until it was revoked by the council.

Without giving weight to the much-debated letter of Mr. Johnson, the payments by Mrs. Horton and credited on the costs of two of the improvements, together with her statements to See and Adams as city attorney, as testified to by them, during their respective term of office, are sufficient to constitute an estoppel as to her plea of the statute of limitation, though this action be regarded as "upon specialties" which are required to be brought within a certain time.

Wherefore, the judgment is affirmed on the original appeal as to the Lady Washington street and Clay street improvements; affirmed on the cross-appeal, and reversed on the original as to the liens for the improvements fronting Madison and Franklin streets and for proceedings consistent herewith.